Good morning, Your Honors, and may it please the Court, Gary Watt, appearing for appellants. Your Honors, with respect to the first issue with the Court's order on appeal, which was the additional notice requirements and the Court giving the Special Master the power to decide final language for rules and regulations and policies, appellants agree that if the order expired, then that's a fight that could be fought another day if the Court does that again. But the reason we took this appeal on that issue is because if we hadn't and we were wrong on the construction of this order and whether it expired, then that would be law of the case if we tried to argue later that that order did not expire. So, I mean, given, do you agree that the order has expired? No, I don't. And I believe the most natural reading, which is why we took the appeal, is that it was subject to a submission on efficacy. And that submission on efficacy, which is on Excerpts of Record, page 15 of the order, that submission on efficacy was to thereafter review the order and see whether it should change, whether it should be modified and to what extent, whether the possibility that it might not be needed anymore and scrapped entirely, that's what the submission on efficacy referred to. Counsel, how do you reconcile that with the minute order from October 12th, 2021, in which the Court specified that the previous order had, in fact, expired? Well, Your Honor, that order, of course, came almost a year after we filed the notice of appeal. And the notice of appeal transferred jurisdiction to this Court on the merits issues before it. And it enables the Court going forward to make such orders as maintain the status quo. Except it's an interpretation of the original order, isn't it, rather than a new — something new? I mean, the order appears to have expired by its own terms after one year, and then the Court basically said, yep, I meant that. Well, Your Honor, the cases where this Court defers to interpretation are cases in which from the notice of appeal, from the order on appeal, this Court is looking backwards to the prior orders that informed the order on appeal. Well, but it said that it was for one year. So even if the district court hadn't acknowledged that, wouldn't it still be true that it expires? Certainly if that was the case, if the most natural reading was that it was only good for one year and it would automatically expire. But you would expect it to have wording such as it will expire at the end of one year, will be good for 365 days. So you — Sorry. I mean, it does say shall be followed for one year. That's at ER 15 or page 15 of the order. And the context of the order involves pages 14, excerpts of record 14 and 15, which say a trial period that will take time, a court's hope and expectation that a streamlined process will emerge from the efficacy examination, and provisional approval for the first year implying multiple years. So I won't wrestle with you on this too much. But the reason we took this appeal was because it appeared to us that it was not automatic expiration at one year. Well, suppose — I mean, so suppose then that we were to say that we think the district court's minute order was a correct interpretation of the order and that, in fact, the order had expired and now has expired. If we were to say that, then you don't have your law of the case problem. So what relief could we give you beyond saying that? No problems. As I said at the — with respect to that issue, there is something else I have to raise. But no problems because then, therefore, that — if the court goes down that avenue again and issues another order with those same features or some of them, we could then appeal from that order. So that's how I began this section of the argument, and that's where I'll conclude it. Now, with respect to other facets of the order, so the question is, did the entire order expire? Did all of it expire? And in that order, the court adopts a special master's report. It says you're going to submit your positions on efficacy. And then it makes rulings in the order, such as its ruling that the compendium is the constitutional floor. Now, if the entire order, all of it, expired in one year, then our second purpose for this appeal also can be raised another day. But it appeared that in overruling our objection to the special master's report by stating that the compendium is coextensive with the constitutional floor, that appeared like a final order under Flores v. Garland. But what does that make you, what does that require you to do? I mean, that's a statement of the district court's understanding of what the law is, but what's it requiring you to do? Well, the problem there, again, is a problem of law of the case. If in the future, for example, going forward to remediate this case, we have to comply with every jot and tittle, as the Sixth Circuit said in Glover, cited in our briefs, if we have to comply with all of it in order to get to constitutionality. And that's not correct. As this Court said in Hallett, Your Honor, this Court said that the burden shifts to a trial court to deny a termination motion by showing that there's two things. One is that there's a continuing violation, and two, that the relief is no greater than curing the violation. But if this district court is of the opinion that the entire remedy is the constitutional floor, then we can't get there unless and until we satisfy every jot and tittle. But if we say that this order has expired, then nothing about this order would make the district court's belief true or not true. The district court might have that belief, and you could fight that another day, but I don't understand how this order affects it if it's already expired. Oh, no. I'm arguing if the entire order hasn't expired, and I'm arguing there seemed to be a distinction in our minds about parts of the order that expired, which was the 14-step process and embedded within it. But Your Honors, I have three minutes left, and I agree with you. If the entire order expired, our defensive appeal didn't need to be taken, we were wrong, and we can fight those battles another day. And I'd like to save time for rebuttal. That's fine. Thank you. Good morning, and may it please the Court. I'm Margo Mendelson, and I represent the plaintiffs in the Coleman case. Our position is that the entire order has expired in accordance with its express terms. I'm happy to answer questions about that, but it is clear on the face of the order, we agree that if this Court believes the order has expired, there's nothing further to be done. You may not have any questions, so thank you. Your Honors, I have nothing to add, so I'm willing to submit. Okay. Thank you, both sides. We appreciate the argument, and the case is submitted.
judges: GRABER, FRIEDLAND, MILLER